UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

CONNIE DAVIS,
          Plaintiff,
     vs.                                     5:11-CV-0718
                                                   (NAM/ATB)
SCOTT SHARP,
          Defendant.
_____

ANDREW T. BAXTER, United States Magistrate Judge

## ORDER and REPORT-RECOMMENDATION

The Clerk has sent the above complaint to me for my review. On June 27, 2011, *pro se* plaintiff, Connie Davis, filed this case, using a form for civil rights actions, brought pursuant to 42 U.S.C. § 1983. (Dkt. No. 1). Plaintiff has also filed an application to proceed *in forma pauperis* and a motion to appoint counsel. (Dkt. Nos. 3, 4).

## DISCUSSION

**I.**     **Facts and Claims**

Plaintiff brings this action against Scott Sharp, "Owner." (Compl. ¶ 3). Plaintiff alleges a single cause of action, seeking the return of her truck and $50,000 for "emotional distress and physical hardship." (Compl. ¶ 6). Plaintiff alleges that her truck broke down between March and April in 2008. Plaintiff contends she "gave Rick $300 to fix the truck," followed by another $175 and $150 "for parts he claimed the truck needed." (Compl. ¶ 4). Plaintiff then claims that Rick "abandoned the

work" and "left it in Scott Sharp's garage," whereupon "Scott Sharp refused to give [her the] truck." (Compl. ¶ 4). She then claims Rick repeatedly told her she would receive the truck "soon," and she at one point paid an additional $150 to "get her truck" but Scott Sharp "would not give it to [her] nor would he answer [her] phone calls." (Compl. ¶ 4).

## II.   *In Forma Pauperis* ("IFP") Review

Plaintiff has filed an application to proceed IFP. (Dkt. No. 3). Pursuant to 28 U.S.C. § 1915(a)(1), the court may authorize the commencement, prosecution, or defense of any suit, action or proceeding without the pre-payment of fees. The individual seeking permission to proceed IFP must file an affidavit which includes a statement of all assets, showing that the individual is unable to pay the fees or give security therefor. *Id.* The same section, however, states that this determination is "subject to subsection (b)." *Id.* Subsection (b) provides that notwithstanding any filing fee or portion of the fee that may have been paid, the court shall dismiss the case at any time if the court determines that the allegation of poverty is untrue, or the action is (i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)–(iii).

Dismissal of frivolous actions is appropriate to prevent abuses of court process as well as to discourage the waste of judicial resources. *Neitzke v. Williams*, 490 U.S.

2

319, 327 (1989); *Harkins v. Eldridge*, 505 F.2d 802, 804 (8th Cir.1974). In analyzing whether an action is frivolous, the court must determine whether the complaint lacks an arguable basis in law or in fact. *Neitzke*, 490 U.S. at 325. To avoid dismissal for failure to state a claim, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is "plausible on its face." *Ashcroft v. Iqbal*, ––– U.S. –––, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Bell Atl. Corp.*, 550 U.S. at 555). The Court will now turn to a consideration of the plaintiff's complaint under the above two standards.

### III. Application

#### 1. Financial Criteria

Plaintiff's application for IFP status indicates that she is unemployed, but obtains income from "Disability or workers compensation payments" and ". . . other sources." (Dkt. No. 3 at 2). Plaintiff does not describe these "other sources" or how much money they provide her, even though the form requires such a description. *Id.* Plaintiff does attach a separate sheet, stating that she is a single mother and is unable to afford the costs to prosecute this action. *Id.* at 4. Plaintiff states that she has been granted poor person status in the New York State Supreme Court and the Appellate Division, Fourth Department. *Id.* Although plaintiff has not provided all the

information required, this court will find for purposes of this recommendation, that plaintiff meets the financial requirements for IFP status. The court will now turn to the substance of the complaint.

**2.   Section 1983**

Because plaintiff has filed this case, using a form for civil rights actions under section 1983, the court will begin its analysis, using this statute as a basis for her claims. In order to state a claim for relief under section 1983, plaintiff must satisfy a two-part test. *See Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 930 (1982); *Washington v. James*, 782 F.2d 1134, 1138 (2d Cir. 1986); 42 U.S.C. § 1983. First, she must allege facts demonstrating that defendant acted under color of state law. *Id.* Second, she must allege facts demonstrating that she has been deprived of a constitutionally or federally protected right. *Id.*

To act under state law, section 1983 generally requires that the defendant "exercised power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." *Kern v. City of Rochester*, 93 F.3d 38, 43 (2d Cir. 1996) (*quoting West v. Atkins*, 487 U.S. 42, 49 (1988) (internal quotation marks and citation omitted)). As described in the complaint, defendant Scott Sharp, the alleged "owner" of the "garage" in which plaintiff's car is being held, is not acting under the authority of state law. He appears to be a private individual, who owns garage in which he fixes automobiles. Plaintiff does not allege that

4

defendant is employed by the state or that any of his actions were taken with authority, granted to him by the state.

The actions of private individuals may be deemed under color of state law if those individuals are conspiring with state officials to deprive the plaintiff of her constitutional rights. *See Tower v. Glover*, 467 U.S. 914, 919-20 (1984). All individuals mentioned in plaintiff's statement of facts appear to be private citizens. There is absolutely no indication in this case that defendant Sharp, a private party, was conspiring with another person, who was acting under color of state law. Thus, plaintiff has not alleged the requisite state action for a claim under section 1983. It also does not appear that there is any way, given the facts alleged, that plaintiff could amend these facts to state a cause of action under section 1983.[1]

### 3. Other Bases for the Claims

Notwithstanding plaintiff's inability under the facts to state a claim for relief under section 1983, the court will also address whether plaintiff could state a claim under any other basis. Plaintiff may simply be confused about the law, and this court must show great liberality to the *pro se* plaintiff, reading her complaint to raise the strongest arguments it suggests. *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir.1994) (a court is to read a *pro se* party's "supporting papers liberally, and . . . interpret them to

---

[1] The court would point out that section 1983 is not a jurisdictional basis in itself, and that 28 U.S.C. § 1331 (federal question jurisdiction) is generally the basis for jurisdiction of a section 1983 claim. *See Soto v. Lene*, No. 11-CV-89, 2011 WL 147679, at *2 (E.D.N.Y. Jan. 18, 2011).

raise the strongest arguments that they suggest"). Indeed, the Second Circuit has stated that "[i]mplicit in the right to self-representation is an obligation on the part of the court to make reasonable allowances to protect *pro se* litigants from inadvertent forfeiture of important rights because of their lack of legal training." *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983).

Plaintiff's claim appears to be simply that defendant Sharp will not return plaintiff's truck to her, notwithstanding her payment for the alleged repairs. Plaintiff alleges that defendant Sharp improperly deprived plaintiff of her property. At best, plaintiff is alleging a state law claim for conversion. In order to state a claim for conversion, plaintiff must have a possessory right in the property, and the defendant must interfere with the property in derogation of plaintiff's rights. *Thyroff v. Nationwide Mut. Ins. Co.*, 460 F.3d 400, 403-04 (2d Cir. 1006) (citations omitted); *Colavito v. N.Y. Organ Donor Network, Inc.*, 8 N.Y.3d 43, 827 N.Y.S.2d 96, 860 N.E.2d 713, 717 (2006). The court must then determine whether plaintiff can bring such an action in federal court.

Because federal courts are courts of limited jurisdiction, they are presumed to lack jurisdiction "unless the contrary appears affirmatively from the record." *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 546 (1986) (citations omitted); *see also Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). On her Civil Cover Sheet, plaintiff has checked the boxes indicating "U.S. Government Plaintiff" and

6

"U.S. Government Defendant" as the basis of jurisdiction, but does not name the U.S. Government as a plaintiff or defendant. (Dkt. No. 1). Thus, this is not a basis for jurisdiction over the purely state law cause of action. There is no "federal question" to assert jurisdiction under 28 U.S.C. § 1331, which provides for jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.

Another possibility is diversity jurisdiction, in which a plaintiff may bring a state law cause of action in federal court if the parties citizens of different states.[2] 28 U.S.C. § 1332(a)(1). Section 1332 also requires that there be an amount in controversy of over $ 75,000.00. 28 U.S.C. § 1332(a). Plaintiff indicates her address is in Syracuse, New York, and alleges that the defendant's address is in Liverpool, New York. Therefore, there is no diversity jurisdiction.

The court has an independent obligation to examine the basis of its jurisdiction, and must dismiss the action if it determines at any time that it lacks subject-matter jurisdiction. *FW/PBS, Inc. v. City of Dallas*, 493 U.S. 215, 231 (1990), *overruled on other grds. by City of Littleton v. Z.J. Gifts D-4, LLC,* 541 U.S. 774 (2004). *See* Fed. R. Civ. P. 12(h)(3). Because this court lacks subject matter jurisdiction under any interpretation of the facts as asserted by plaintiff, the court must recommend dismissal.

---

[2] There are other bases in section 1332, involving citizens of foreign states, but none of them apply to this plaintiff and this defendant.

### IV. Appointment of Counsel

Because this court has found that plaintiff's complaint should be dismissed under section 1915, any motion for appointment of counsel is moot and is denied.

**WHEREFORE**, based on the findings above, it is

**ORDERED**, that plaintiff's motion to proceed IFP (Dkt. No. 3) is **GRANTED ONLY FOR PURPOSES OF FILING THIS COMPLAINT**, and it is

**RECOMMENDED** that the complaint be **DISMISSED** in its entirety pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)-(ii), and it is further

**ORDERED**, that plaintiff's motion for appointment of counsel (Dkt. No. 4) is **DENIED AS MOOT.**

Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1(c), the parties have fourteen days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Secretary of Health and Human Services*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(e), 72.

Dated: July 12, 2011

Hon. Andrew T. Baxter
U.S. Magistrate Judge